UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

EDGAR RENE MUCU MAAZ,
Plaintiff,
v.
SERGIO ALBARRAN, et al.,
Defendants.

Case No. 3:26-cv-08452-BLF

**ORDER GRANTING EX PARTE TEMPORARY RESTRAINING ORDER APPLICATION**

Before the Court is Petitioner Edgar Rene Mucu Maaz's Ex Parte Application for a Temporary Restraining Order ("TRO"). ECF No. 3-1 ("App."). Mr. Mucu Maaz filed his Petition for Writ of Habeas Corpus followed by an Ex Parte Application for Temporary Restraining Order against Respondents Acting Field Office Director of the San Francisco Immigration and Customs Enforcement ("ICE") Office Sergio Albarran, Acting Director of ICE David Venturella, Secretary of the Department of Homeland Security ("DHS") Markwayne Mullin, and United States Attorney General Todd Blanche on August 14, 2026, seeking an order temporarily enjoining Respondents from detaining him until such time as he has had an opportunity to challenge his detention before a neutral decisionmaker. ECF No. 1 ("Pet.").

The application is GRANTED.

## I. BACKGROUND

According to the petition and request for TRO submitted by Mr. Mucu Maaz, Mr. Mucu Maaz is an asylum seeker from Guatemala and entered the United States on or about July 27, 2023. He was initially detained and released with an order to comply with periodic check-ins with ICE pursuant to his order of supervision. He was required to report for a check-in with ICE on September 7, 2023, which he did. Mr. Mucu Maaz has not been ordered removed. He filed an

United States District Court
Northern District of California

asylum application in his immigration court proceedings, which is still pending. His next immigration court hearing, when the merits of his case will be heard, is scheduled for April 12, 2029.

Mr. Mucu Maaz was arrested on June 20, 2026, in Concord, California and charged with driving under the influence of alcohol and driving without a valid driver's license. His criminal case remains pending in the Superior Court of California, County of Contra Costa with his next court date scheduled for August 19, 2026. This is Mr. Mucu Maaz's first and only criminal arrest. Mr. Mucu Maaz is a member of the certified class in *Garro Pinchi v. Noem*, 813 F. Supp. 3d 973, 1006 (N.D. Cal. 2025), which challenges the DHS's new policy of re-arresting and redetaining class members despite no change in their individual circumstances as to their dangerousness or flight. On December 19, 2025, the district court made a factual finding that DHS adopted the redention in May 2025 and held that the policy is likely unlawful under the Administrative Procedure Act (APA). 813 F. Supp. 3d at 1015. Accordingly, the *Garro Pinchi* court granted "Plaintiffs' motion to stay DHS's redetention policy pending final resolution of their APA claims," and "postpone[d] the effective date of the re-detention policy within ICE's San Francisco Area of Responsibility until the entry of a final judgment in this action." *Id.* at 1040.

Mr. Mucu Maaz's bond obligor received notice dated July 14, 2026, to present Mr. Mucu Maaz at the San Francisco Field Office for an interview on August 14, 2026. He went to his interview and, without notice, ICE detained him, stating that he was in violation of the terms of his release.

## II. LEGAL STANDARD

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." (internal quotation marks and citation omitted)). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). And "a TRO 'should be restricted to . . . preserving the status quo and

preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing and no longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted). "[W]hen the Government is the opposing party," the final two factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

## III. DISCUSSION

As a preliminary matter, the Court finds that the requirements for issuing a temporary restraining order without notice set out in Federal Rule of Civil Procedure 65(b)(1) are met in this case. Mr. Mucu Maaz's counsel has set out specific facts showing that immediate and irreparable injury, loss, or damage may result before the adverse party can be heard in opposition.

The Court finds that Mr. Mucu Maaz has shown at least that there are "serious questions going to the merits" and that "the balance of hardships tips *sharply*" in his favor. *Weber*, 767 F.3d at 942. Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).

Courts have previously found that individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond. *Mena v. Albarran*, No. 26-cv-04749, 2026 WL 1409845, at *2 (N.D. Cal. May 20, 2026); *Ortega v. Bonnar*, 415 F. Supp. 3d

963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does Ortega have a liberty interest in remaining out of custody on bond."); *Romero v. Kaiser*, No. 22-cv-02508, 2022 WL 1443250, at *2 (N.D. Cal. May 6, 2022) ("[T]his Court joins other courts of this district facing facts similar to the present case and finds Petitioner raised serious questions going to the merits of his claim that due process requires a hearing before an IJ prior to re-detention."); *Jorge M. F. v. Wilkinson*, No. 21-cv-01434, 2021 WL 783561, at *2 (N.D. Cal. Mar. 1, 2021).

For similar reasons as those discussed in the aforementioned cases, this Court finds that the three factors relevant to the due process inquiry set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976)—"the private interest that will be affected by the official action," "the risk of an erroneous deprivation . . . and the probable value, if any, of additional or substitute procedural safeguards," and "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail," *id.* at 335—require that Mr. Mucu Maaz be immediately released from custody, and that he be given notice and a pre-detention hearing before a neutral decisionmaker prior to being taken back into custody.

Mr. Mucu Maaz has a substantial private interest in remaining out of custody, which would allow him to live at home and work. *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). There is also a risk of erroneous deprivation that the additional procedural safeguard of a pre-detention hearing would help protect against. Like other courts in this district, this Court concludes that the government's interest in re-detaining Mr. Mucu Maaz without a hearing is "low," particularly in light of the fact that he has appeared for prior immigration hearings and does not have a criminal record. *See Jorge M.F.*, 2021 WL 783561, at *3; *Ortega*, 415 F. Supp. 3d at 970. Mr. Mucu Maaz is also likely to suffer immediate and irreparable harm in the absence of preliminary relief. The Ninth Circuit has recognized "irreparable harms imposed on anyone subject to immigration detention," including "the economic burdens imposed on detainees and their families as a result of detention." *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017). Those risks are present here.

Finally, the balance of the equities and the public interest, which merge because the government is the opposing party, tip sharply in Mr. Mucu Maaz's favor. "[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Jorge M. F.*, 2021 WL 783561, at *3 (cleaned up) (quoting *Ortiz Vargas*, 2020 WL 5074312, at *4, and then quoting *Hernandez*, 872 F.3d at 996); *see also Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005) ("Generally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution.").

Without the requested injunctive relief, Mr. Mucu Maaz faces deprivation of his liberty. The comparative harm potentially imposed on Respondents is minimal—a mere short delay in detaining Mr. Mucu Maaz, should the government ultimately show that detention is intended and warranted. Moreover, a party "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983). This Court therefore joins a series of other district courts that have recently granted TROs barring the government from detaining noncitizens who have been on longstanding release in their immigration proceedings, without first holding a pre-deprivation hearing before a neutral decisionmaker. *See, e.g., Oliveros v. Kaiser*, No. 25-cv-07117-BLF, 2025 WL 3290223 at *2 (N.D. Cal. Aug. 22, 2025); *Diaz v. Kaiser*, No. 25-cv-05071, 2025 WL 1676854, at *2 (N.D. Cal. June 14, 2025); *Garcia v. Bondi*, No. 25-cv-05070, 2025 WL 1676855, at *3 (N.D. Cal. June 14, 2025).

Accordingly, the Court hereby GRANTS Mr. Mucu Maaz's *Ex Parte* Motion for a Temporary Restraining Order. Under Federal Rule of Civil Procedure 65, a court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The rule "invests the district court 'with discretion as to the amount of security required, if any,'" and the court "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir.

2003) (quoting *Barahona–Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999)). In this case, in light of the minimal risk of harm to the government, the Court determines that security is not required.

**IV. ORDER**

IT IS HEREBY ORDERED that:

(1) Mr. Mucu Maaz's request is GRANTED. Mr. Mucu Maaz is ORDERED released to preserve the status quo pending further briefing and a hearing on this matter.

(2) Respondents are ENJOINED from transferring Mr. Mucu Maaz out of this district or deporting him pending these proceedings.

(3) Respondents are ENJOINED AND RESTRAINED from re-detaining Mr. Mucu Maaz without notice and a pre-deprivation hearing before a neutral decisionmaker. This Order shall remain in effect until August 28, 2026, at 4:30 p.m.

(4) The Petition for Writ of Habeas Corpus, Motion for Temporary Restraining Order, and this Order SHALL be served on Respondents such that they receive actual notice as soon as practicable, and no later than August 15, 2026, at 12:00 p.m., and Mr. Mucu Maaz shall file proof of such service by no later than August 16, 2026, at 5:00 p.m. Email service is permitted.

(5) Respondents shall provide a status report confirming Mr. Mucu Maaz's release by August 15, 2026, at 5:00 p.m.

(6) Respondents are ORDERED TO SHOW CAUSE in-person at a hearing before the undersigned on August 20, 2026, at 9:00 a.m., why a preliminary injunction should not issue. Respondents SHALL file a response to Mr. Mucu Maaz's motion by no later than August 18, 2026, at 10:00 p.m. Mr. Mucu Maaz may file a reply by August 19, 2026, at 3:00 p.m.

**IT IS SO ORDERED.**

Dated: August 14, 2026, at 4:30 p.m.

BETH LABSON FREEMAN
United States District Judge