United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

EDGAR RENE MUCU MAAZ,
Plaintiff,
v.
SERGIO ALBARRAN, et al.,
Defendants.

Case No. 5:26-cv-08452-BLF

**ORDER GRANTING PRELIMINARY INJUNCTION**

Petitioner Edgar Rene Mucu Maaz filed a writ of habeas corpus against Respondents Acting Field Office Director of the San Francisco Immigration and Customs Enforcement ("ICE") Office Sergio Albarran, Acting Director of ICE David Venturella, Secretary of the Department of Homeland Security ("DHS") Markwayne Mullin, and United States Attorney General Todd Blanche on August 14, 2026. ECF No. 1 ("Pet."). Mr. Mucu Maaz concurrently filed his *ex parte* motion for a temporary restraining order ("TRO"). ECF No. 3-1. The same day, the Court issued a TRO ordering Respondents to release Mr. Mucu Maaz and enjoining Respondents from detaining Mr. Mucu Maaz without notice and a pre-deprivation hearing before a neutral decisionmaker; the Court also ordered Respondents to show cause why a preliminary injunction should not issue. ECF No. 5 ("OSC"). Respondents filed a response to the OSC on August 18, 2026. ECF No. 10 ("Resp."). Mr. Mucu Maaz filed a reply on August 19, 2026. ECF No. 11 ("Reply"). The Court heard oral argument on August 20, 2026. ECF No. 12.

For the reasons stated on the record and set forth below, Mr. Mucu Maaz's motion for a preliminary injunction is GRANTED.

## I. BACKGROUND

Mr. Mucu Maaz is an asylum seeker from Guatemala and entered the United States on or about July 27, 2023. Pet. ¶¶ 1–2. After being apprehended, he was subsequently released on bond in the amount of $2,000 and released under Order of Release on Recognizance on August 25, 2023. Pet. ¶ 2. As part of the conditions of his release, Mr. Mucu Maaz was required to report for period check-ins with ICE; he was required to report for an ICE check-in on September 7, 2023, which he did. Pet. ¶ 3.

Mr. Mucu Maaz has not been ordered removed. Mr. Mucu Maaz filed an asylum application in his immigration court proceedings, which is still pending. His next immigration court hearing, when the merits of his case will be heard, is scheduled for April 12, 2029. Mr. Mucu Maaz was arrested on June 20, 2026, in Concord, California, and charged with driving under the influence of alcohol and driving without a valid driver's license. Pet. ¶ 6. His criminal case remains pending in the Superior Court of California, County of Contra Costa. The case is set for a change of plea hearing in October 2026 and a jury trial in April 2027. This was Mr. Mucu Maaz's first and only criminal arrest. Mr. Mucu Maaz's bond obligor a received notice dated July 14, 2026, to present Mr. Mucu Maaz at the San Francisco ICE Field Office for an interview on August 14, 2026. Pet. ¶ 4. He went to his interview and, without notice, ICE detained him, stating that he was in violation of the terms of his release. Pet. ¶ 4.

The Court granted Mr. Mucu Maaz's TRO application and ordered him released on August 14, 2026. At the hearing, the Court explained that it was inclined to grant the preliminary injunction motion, and Respondents rested on their papers.

## II. LEGAL STANDARD

The standards for issuing a TRO and preliminary injunction are identical. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in

the public interest." *Id.* at 20. "[W]hen the Government is the opposing party," the final two factors merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

## III. DISCUSSION

### A. Likelihood of Success

Substantive due process forbids punitive civil detention. *Jackson v. Indiana*, 406 U.S. 715, 738 (1972). To comport with substantive due process, immigration detention must bear a reasonable relation to one of its intended purposes, which are to "ensure[] the appearance of aliens at future immigration proceedings and [p]revent[] danger to the community." *Zadvydas v. Davis*, 533 U.S. 678, 690–91 (2001) (second alteration in original) (internal quotation marks and citation omitted). Procedural due process mandates that civil detention be accompanied by certain procedural protections. Courts generally analyze procedural due process claims by first determining whether a protected liberty interest exists under the Due Process Clause and then examining what procedures are necessary to ensure that any deprivation of that interest complies with the Constitution. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

Mr. Mucu Maaz argues that detaining him violates substantive due process because Respondents found that he is neither a flight risk nor a danger to the community—and accordingly neither regulatory purpose of immigration detention would be served by his detention—when Respondents released him under Order of Release on Recognizance. Pet. ¶ 56. Mr. Mucu Maaz argues that he has not become a danger or flight risk since his release from custody, and as such, his redetention does not serve a legitimate goal. Pet. ¶ 57. Mr. Mucu Maaz also argues that detaining him without notice and a hearing before a neutral decisionmaker violates procedural due process because he has a protected liberty interest in his continued liberty from detention. Pet. ¶ 60. In opposition, Respondents primarily rely on Mr. Mucu Maaz's June 20, 2026, arrest, submitting that this arrest constituted a change in circumstances showing that he is a danger to the community, was a violation of Mr. Mucu Maaz's Order of Release on Recognizance, and warranted re-arrest under 8 U.S.C. § 1226(b). Resp. at 4–7.

As the Court explained in granting Mr. Mucu Maaz's TRO application, *see* OSC at 5, the three factors relevant to the due process inquiry set out in *Mathews* require that he be given notice and a pre-detention hearing before a neutral decisionmaker prior to being detained.[1] Mr. Mucu Maaz has a substantial private interest in remaining out of custody, which would allow him to live at home, continue his employment, and assist in preparation for his asylum hearing and misdemeanor case. *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). There is also a risk of erroneous deprivation that the additional procedural safeguard of a pre-detention hearing would help protect against. Like other courts in this district, this Court concludes that the government's interest in re-detaining Mr. Mucu Maaz without a hearing is "low." *See Jorge M. F. v. Wilkinson*, No. 21-cv-01434-JST, 2021 WL 783561, at *1 (N.D. Cal. Mar. 1, 2021); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). Put simply, Mr. Mucu Maaz has a protected liberty interest that arose when he was released under Order of Release on Recognizance and accordingly is entitled to a pre-deprivation hearing. *Cordero Pelico v. Kaiser*, No. 25-cv-07286-EMC, 2025 WL 2822876, at *6 (N.D. Cal. Oct. 3, 2025); *see also Singh v. Andrews*, 803 F. Supp. 3d 1035, 1045 (E.D. Cal. 2025).

The terms of Mr. Mucu Maaz's Order of Release on Recognizance state that he "must not violate any local, State, or Federal laws or ordinances," and the addendum requires that he "not commit any crimes while on this Order of Release on Recognizance." ECF No. 3-3, Ex. D. While Respondents suggest that "[t]here is no dispute that Petitioner engaged in criminal activity after his conditional release," there is in fact a dispute on this issue until the charges filed against him are resolved. Mr. Mucu Maaz is presumed innocent until proven guilty, and so his "arrest[] cannot constitute [a] violation[] of conditions of release" absent a conviction. *Moises V. A. v. Wofford*, No. 25-cv-01419-SKO, 2026 WL 252237, at *5 (E.D. Cal. Jan. 30, 2026).

Nor is there any merit in Respondents' suggestion that Mr. Mucu Maaz's "*arrest* alone satisfies [the change in circumstances] standard because it materially changes the assessment of

---

[1] Because the Court concludes that re-detaining Mr. Mucu Maaz without notice and a pre-deprivation hearing before a neutral decisionmaker would violate his constitutional rights, the Court need not and does not reach the Parties' arguments concerning Mr. Mucu Maaz's status as a class member in *Garro Pinchi v. Noem*, 813 F. Supp. 3d 973 (N.D. Cal. 2025).

the danger that he poses to the community." Resp. at 6. On this score, Respondents' reliance on *United States v. Cisneros*, No. 19-cr-00280-RS-5, 2021 WL 5908407 (N.D. Cal. Dec. 14, 2021), is misplaced. In *Cisneros*, the district court concluded, in the context of a motion to suppress evidence seized during an ICE arrest, that "being arrested for a gang-related assault is a change of circumstances showing danger to the community." *Id.* at *4. Understandably, courts have found "the Government's selective reliance on *Cisneros* dubious": "While an arrest in certain instances might constitute sufficient changed circumstances to warrant rearrest by ICE, as in *Cisneros* where ICE was working with local law enforcement related to the underlying arrest, . . . that logic [is not] persuasive here where the ICE lacked any information about [Petitioner's] contact with local law enforcement." *Larios v. Albarran*, No. 25-cv-08799-AMO, 2025 WL 3043391, at *8 & n.4 (N.D. Cal. Oct. 31, 2025).

The Court accordingly has no trouble in joining the vast majority of courts in this Circuit that have rejected Respondents' argument and held that, absent evidence of urgent concerns, a pre-deprivation hearing is required even for noncitizens with new arrests for offenses such as driving under the influence since being released on bond and under Order of Release on Recognizance. *Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025) ("[A]bsent evidence of urgent concerns, a *pre*-deprivation hearing is required to satisfy due process, particularly where an individual has been released on bond by an IJ."); *see also, e.g.*, *Gonzalez-Gutierrez v. Warden of the Adelanto Detention Facility*, No. 26-cv-02648-DFM, 2026 WL 1838135, at *1 (C.D. Cal. June 22, 2026); *Mena v. Albarran*, No. 26-cv-04749-BLF, 2026 WL 1549201, at *4 (N.D. Cal. June 1, 2026); *Singh v. Bondi*, No. 26-cv-00598, 2026 WL 747104, at *3 (W.D. Wash, Mar. 17, 2026); *Cajina v. Wofford*, No. 25-cv-01566-DAD-AC, 2025 WL 3251083, at *6 (E.D. Cal. Nov. 21, 2025); *Garcia v. Andrews*, No. 25-cv-01884-TLN-SCR, 2025 WL 1927596, at *4 (E.D. Cal. July 14, 2025). No such concerns are present here.

### B. Remaining *Winter* Factors

Mr. Mucu Maaz has demonstrated that the remaining *Winter* factors tilt sharply in his favor. As to the second *Winter* factor, "[i]t is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Hernandez v. Sessions*,

United States District Court
Northern District of California

872 F.3d 976, 994 (9th Cir. 2017) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)). "As to the third and fourth *Winter* factors, which merge in this case against the Government, '[t]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering.'" *Ayala v. Albarran*, No. 26-cv-03092-BLF, 2026 WL 1179862, at *4 (N.D. Cal. Apr. 30, 2026) (alteration in original) (quoting *Diaz v. Kaiser*, No. 25-cv-05071-BLF, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025)).

**C. Security**

"The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The Ninth Circuit has recognized that Rule 65(c) invests the district court with discretion as to the amount of security required, if any." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (internal quotation marks and citation omitted). "The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id.* Because the Court perceives no prejudice to Respondents resulting from the preliminary injunction, no security is required.

**IV. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) The motion is GRANTED. The Court hereby issues a preliminary injunction that shall remain in effect during the pendency of Mr. Mucu Maaz's habeas petition. The Court's August 14, 2026, temporary restraining order is CONVERTED into a preliminary injunction.

(2) Respondents are ENJOINED from transferring Mr. Mucu Maaz out of this district or deporting him during the pendency of these proceedings.

(3) Respondents are ENJOINED AND RESTRAINED from re-detaining Mr. Mucu Maaz without notice and a pre-deprivation hearing before a neutral decisionmaker where the Government bears the burden of proving by clear and convincing evidence that

United States District Court
Northern District of California

changed circumstances exist that render him a danger to the community or a flight risk, and that no conditions other than him detention would be sufficient to prevent such harms.

**IT IS SO ORDERED.**

Dated: August 20, 2026

BETH LABSON FREEMAN
United States District Judge